1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA, CDCR #P-26757, | Case No.:  3:21-cv-01507-JLS-MSB |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| v. | |
| CUEVAS, 3d Watch Correctional Officer; BYRNES, 3d Watch Correctional Officer; KAKO, 3d Watch Correctional Officer; MEEKS, 2d Watch Correctional Officer; M. GARCIA, 2d Watch Correctional Officer; RICO, Correctional Sergeant; T. MARTINEZ, Correctional Lieutenant; and MARCUS POLLARD, Warden, | |
| Defendants. | **[ECF No. 2]** |

Plaintiff Ronald Dave Renteria, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.  In Count 1 of his Complaint, Plaintiff claims that various RJD officials violated his Eighth Amendment rights by failing to employ protective and social distancing measures sufficient to protect him from a COVID-19 outbreak within RJD's "C" Facility in December 2020.  (*See* ECF No. 1 at 3–7.)  In Count 2, Plaintiff alleges that Defendants Garcia, Rico, and Martinez fabricated escape charges against him

in February 2021 in order to retaliate against him for filing an administrative grievance related to the COVID-19 outbreak. (*Id.* at 8–11.) He seeks declaratory and injunctive relief, including placement in a residential facility, single cell status, or early release on parole, as well $250,000 in compensatory and punitive damages against each Defendant. (*Id.* at 12.)

Plaintiff has not prepaid the $402 civil filing fee 28 U.S.C. § 1914(a) required to commence a civil action; instead he seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915(a), however, the Court may authorize commencement of a civil case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And although

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $52. *District Court Miscellaneous Fee Schedule*, ¶ 14 (Dec. 1, 2020), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

"a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)), "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar," *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Frost v. Child & Family Sers. of San Bernardino Cnty. & San Bernardino Juv. Ct.*, No. 3:20-CV-2402-JLS-BLM, 2021 WL 1195834, at *1 (S.D. Cal. Mar. 30, 2021).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. Although a civil action or appeal may proceed upon submission of an affidavit that demonstrates a prisoner's inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a), a prisoner granted leave to proceed IFP remains obligated to pay an initial partial filing fee and the remaining portion of the entire fee in "increments" or "installments," *Bruce*, 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); *see* 28 U.S.C. § 1915(b). Thus, § 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the [six]-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by an RJD accounting specialist, as well as a copy of his CDCR Inmate Statement Report

for the six-month period prior to the filing of his Complaint.  (ECF No. 3 at 1–3.)  But these documents do *not* demonstrate that Plaintiff is "unable to pay" the $402 civil filing fee. Instead, Plaintiff's submissions show he has had $282.80 in average monthly deposits, carried an average monthly balance of $2,424.16 over the last six months, and had an available balance of $2,038.56 to his credit at the time of filing (ECF No. 3 at 1). *Cf. Roberts v. Hensley*, No. 3:15-CV-1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019) (finding that the prisoner plaintiff was "clearly indigent" where "[h]e ha[d] no funds in any of his accounts and thus would be unable to pay any costs assessed to him").  Thus, because the initial partial filing fee assessed by 28 U.S.C. § 1915(b)(1)(B) exceeds the total $402 civil filing fee required, the Court finds that Plaintiff is able to pay the full civil filing fee.  Accordingly, Plaintiff is not entitled to proceed IFP in this case.

## II.       Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the filing fee required by 28 U.S.C. § 1914(a).

Plaintiff may re-open this case by paying the full $402 filing fee on or before **November 15, 2021**.[2]  If he chooses this course, Plaintiff must ensure his check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern

---

[2]       Should he elect to re-open this case by paying the full $402 civil filing fee, Plaintiff is cautioned that his Complaint will be subject to initial screening as mandated by 28 U.S.C. § 1915A.  Also enacted as part of the PLRA, § 1915A requires the Court to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)–(2).  "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

District of California, and include reference to Civil Case No. 3:21-cv-01507-JLS-MSB.

If Plaintiff does *not* pay the full $402 filing fee in one lump sum on or before **November 15, 2021**, this case will remain dismissed without prejudice based on his failure to comply with 28 U.S.C. § 1914(a) and without any further Order of the Court.

**IT IS SO ORDERED.**

Dated:  September 17, 2021

Hon. Janis L. Sammartino
United States District Judge

5

3:21-cv-01507-JLS-MSB