UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA,<br><br>                    Plaintiff,<br><br>v.<br><br>CUEVAS, 3rd Watch Correctional Officer; BYRNES, 3rd Watch Correctional Officer; KAKO, 3rd Watch Correctional Officer; MEEKS, 2nd Watch Correctional Officer; M. GARCIA, 2nd Watch Correctional Officer; RICO, Correctional Sergeant; MS. T. MARTINEZ, Correctional Lieutenant; and MARCUS POLLARD, Warden,<br><br>                    Defendants. | Case No.: 21-CV-1507 JLS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY AND DIRECTING THE CLERK OF COURT TO RESEND JUNE 14, 2022 ORDER AND REISSUE SUMMONS**<br><br>(ECF Nos. 21, 25–26) |

Presently before the Court are Plaintiff Ronald Dave Renteria's ("Plaintiff") Notice of Change of Address ("Notice," ECF No. 25) and Motion for an Order Restoring Stay ("Mot.," ECF No. 26). The Court notes that its June 14, 2022 Order screening Plaintiff's Complaint and directing the Clerk of the Court to issue a summons, and the summons itself, were returned as undeliverable on June 28, 2022. *See* ECF Nos. 23–24. The Court also notes that Plaintiff's prior requests for a stay of these proceedings, *see* ECF Nos. 12, 15, were denied, *see* ECF Nos. 14, 17. The Court instead continued the spreading of the

mandate in this matter until after the completion of Plaintiff's postconviction relief proceeding. *See* ECF No. 14. The hearing date for the postconviction relief proceeding has passed and the mandate has now been spread, *see* ECF Nos. 19–20, with Plaintiff's Complaint having been screened, *see* ECF No. 21. Accordingly, to the extent the Motion seeks to lift any stay of these proceedings, the Court **DENIES AS MOOT** the request, because there is no stay to lift. To the extent the Motion seeks to institute a stay, Plaintiff has presented no reasons justifying a stay of these proceedings in light of the posture of this case, and the Court **DENIES** the request.

Further, given Plaintiff's Notice and his failure to receive the June 14, 2022 Order and summons, the Court **DIRECTS** the Clerk of the Court to resend the June 14, 2022 Order (ECF No. 21) to Plaintiff at his new address of record. The Court further **DIRECTS** the Clerk of Court to reissue the summons.

As the Court noted in the June 14, 2022 Order,

> Because Plaintiff is *not* proceeding IFP pursuant to 28 U.S.C. § 1915, he remains "responsible for having the summons and complaint served within the time allowed by Rule 4(m)" now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s time limit for service while conducting its screening. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).

ECF No. 21 at 10 n.5. Accordingly, Plaintiff must (1) personally serve Defendants <u>within 90 days</u> of the date of this Order *and* file proof of that service pursuant to Federal Rule of Civil Procedure 4(*l*) *or* (2) procure a waiver of personal service as to each of the named Defendants pursuant to Federal Rule of Civil Procedure 4(d) <u>within 90 days</u> of the date of this Order, or Plaintiff will face dismissal without prejudice based on his failure to

prosecute pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: June 30, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge