UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CUEVAS, 3d Watch Correctional Officer;<br>BYRNES, 3d Watch Correctional Officer;<br>KAKO, 3d Watch Correctional Officer;<br>MEEKS, 2d Watch Correctional Officer;<br>M. GARCIA, 2d Watch Correctional<br>Officer; RICO, Correctional Sergeant;<br>T. MARTINEZ, Correctional Lieutenant;<br>MARCUS POLLARD, Warden,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-CV-1507 JLS (MSB)<br><br>**ORDER: (1) DENYING MOTIONS (A) TO PROCEED *IN FORMA PAUPERIS* AND (B) FOR WAIVER OF PERSONAL SERVICE; AND (2) GRANTING EXTENSION OF TIME PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**<br><br>(ECF Nos. 29 & 30) |

　　　On August 25, 2021, while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Plaintiff Ronald Dave Renteria ("Plaintiff"), proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]

---

[1] Plaintiff was later transferred to the custody of the Sheriff of Los Angeles County in order to appear for a suitability and associated resentencing hearing before the Los Angeles County Superior Court in Case No. KA038347.  *See* ECF No. 15 at 2, 6; ECF No. 18.  Plaintiff has since been released from CDCR

1

21-CV-1507 JLS (MSB)

*See generally* ECF No. 1 ("Compl.")  In Count 1 of his Complaint, Plaintiff claims Defendants Pollard, Cuevas, Byrnes, Kako, Meeks, and Garcia violated his Eighth Amendment rights by failing to employ protective and social distancing measures sufficient to prevent a Covid-19 outbreak within RJD's "C" Facility in December 2020. *See id.* at 3–7.  In Count 2, Plaintiff alleges Defendants Cuevas, Garcia, Rico, and Martinez fabricated escape charges against him in February 2021 in order to retaliate against him for filing an administrative grievance related to his having contracted Covid-19. *Id.* at 8–11. Plaintiff seeks declaratory and injunctive relief, including placement in a residential facility, single cell status, or early release on parole;[2] as well $250,000.00 in compensatory and punitive damages against each Defendant. *Id.* at 12.

After the Court denied Plaintiff's initial Motion to Proceed *in Forma Pauperis* ("IFP"), Plaintiff filed a Notice of Appeal but also paid the filing fees required by 28 U.S.C. § 1914(a) while that appeal was pending.  *See* ECF Nos. 4, 5, 9.  Therefore, the Ninth Circuit dismissed Plaintiff's appeal and remanded the case to this Court for further proceedings.  *See* ECF No. 10.  Plaintiff then filed two motions seeking stays, which the Court first construed and granted as a request to continue the spreading of the Ninth Circuit's mandate and later denied.  *See* ECF Nos. 12, 14, 15, 17.  On June 14, 2022, after the mandate was spread, the Court screened Plaintiff's Complaint *sua sponte* as required by 28 U.S.C. § 1915A, found that it alleges cognizable First and Eighth Amendment claims for relief, and directed the Clerk of the Court to issue a summons pursuant to Federal Rule

---

custody and has filed a notice of change of address indicating he now resides in El Monte, California.  *See* ECF No. 31.

[2] The Court previously noted Plaintiff may not seek release as a remedy in a § 1983 suit.  *See* ECF No. 21 at 2 n.2.  Nevertheless, any injunctive relief related to Plaintiff's housing or the conditions of his confinement at RJD, as well as Plaintiff's request for early release on parole, appear moot in light of Plaintiff's subsequent release from CDCR custody.  *See Alvarez v. Hill*, 667 F.3d 1061, 1063–64 (9th Cir. 2012) (holding former prisoner's declaratory and injunctive relief claims moot following release from custody); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding that "[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action").

of Civil Procedure 4(b) "so that Plaintiff [could] execute service upon [the Defendants] as required by Fed. R. Civ. P. 4(c)" within 90 days as required by Federal Rule of Civil Procedure 4(m). *See* ECF No. 21 at 9. Plaintiff was explicitly reminded that he remains "responsible for having the summons and the complaint served within the time allowed by Rule 4(m)." *Id.* at 10 n.5.[3] In fact, on June 30, 2022, after Plaintiff filed his first notice of change of address, the Court ordered the Clerk of the Court to reissue the summons, ordered the Clerk of the Court to mail it to Plaintiff a second time, and cautioned Plaintiff that he would face dismissal unless he either: (1) personally served the Defendants and filed proof of that service pursuant to Federal Rule of Civil Procedure 4(*l*), or (2) requested and procured a waiver of personal service as to each Defendant pursuant to Federal Rule of Civil Procedure 4(d) within 90 days. *See* ECF No. 27 at 2–3.

Plaintiff has done neither. Instead, on July 7, 2022, just before Plaintiff was released from CDCR custody, he filed a "Motion and Declaration under penalty of perjury in support of [his] subsequent motion to proceed in forma pauperis under 28 U.S.C. § 1915," *see* ECF No. 29 ("IFP Mot."), together with a "Motion and Declaration requesting a waiver of personal service as to each of the named defendants," *see* ECF No. 30 ("Waiver Mot."). The Court now addresses each of these motions in turn.

## RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's renewed IFP Motion attests to his poverty and imprisonment at the time of filing, and it seeks permission to "proceed without the prepayment of fees." IFP Mot. at 1. But Plaintiff fails to acknowledge that the Court has previously found him ineligible to proceed IFP, and that he has already paid the full $402 civil filing fee required to prosecute this action. *See* ECF Nos. 4, 9. Because no additional fees are due, the Court **DENIES AS MOOT** Plaintiff's subsequent IFP Motion.

---

[3] If Plaintiff *had* been granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), he would have been entitled to have the summons and his Complaint served by the U.S. Marshal pursuant to 28 U.S.C. § 1915(d). *See Puett v. Blandford,* 912 F.2d 270, 273 (9th Cir. 1990).

# MOTION FOR WAIVER OF PERSONAL SERVICE

In addition, Plaintiff "respectfully request[s] that this honorable court issue an order granting a waiver of personal service" of the summons and Complaint "as to each of the named defendants." *See* Waiver Mot. at 1. Because the Court cannot waive service on behalf of any party to the case, it liberally construes Plaintiff's motion as a request for the U.S. Marshal to effect service of process on his behalf pursuant to Federal Rule of Civil Procedure 4(c)(3). *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.") (citations omitted).

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

As noted above, a party proceeding IFP is entitled to have the summons and complaint served by the U.S. Marshal, but Plaintiff has paid the filing fee and thus is not proceeding IFP in this case. *See* ECF Nos. 4, 9; *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). However, Federal Rule of Civil Procedure 4 permits a plaintiff to request service "be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

"In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[] servi[ce]" in private civil actions); *see also Oliver v. City of Oceanside*, No. 16-CV-00565-BAS (JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016).

"Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax*, 216 F.R.D. at 4; *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."). Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken" and "provide a factual basis for why a court order is necessary to accomplish service." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.); *see also Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff . . . has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted") (citing *Prosperous v. Todd*, No. 8:17-cv-996-T, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017)).

Here, Plaintiff fails to sufficiently explain how or why he has failed to request and procure Rule 4(d) waivers from any Defendant before now. In fact, the Court has twice directed the Clerk of the Court to issue a summons on Plaintiff's behalf and has explained that it is Plaintiff's responsibility to "(1) personally serve Defendants within 90 days . . . and file proof of that service pursuant to Fed. R. Civ. P. 4(*l*) ***or*** (2) procure a waiver of personal service as to each of the named Defendants pursuant to Fed. R. Civ. P. 4(d) within

90 days[],"  or else Plaintiff would face dismissal pursuant to Federal Rule of Civil Procedure 4(m).  *See* ECF No. 27 at 2–3; ECF No. 21 at 9–10.  Plaintiff does point to his "confinement as a state prisoner" and a July 2022 "quarantine because of Covid-19 precautions" as obstacles to the prosecution of this case while he remained at RJD.  *See* Waiver Mot. at 1.  In fact, service by a United States Marshal may be appropriate "in circumstances [where] a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace."  *Oliver*, 2016 WL 8730533, at *1 (citing William W. Schwarzer et al., CAL. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL ¶ 5:83 (The Rutter Group 2014)).  Here, however, any barrier posed by Plaintiff's incarceration ceased to exist as of August 1, 2022, when Plaintiff filed his latest notice of change of address indicating his release from CDCR custody.  *See* ECF No. 31.

Therefore, the Court finds Plaintiff has not yet demonstrated that U.S. Marshal service is necessary pursuant to Federal Rule of Civil Procedure 4(c)(3), because Plaintiff does not allege that he has first attempted to request and procure waivers of service on his own.  *See e.g., Raiser v. U.S. Dist. Ct. for S. Dist. of Cal.*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying non-incarcerated pro se litigant's ex parte motion for U.S. Marshal service where plaintiff was not proceeding IFP and had not met his burden of demonstrating that such an order "really [is] necessary" because he had not first "attempted to serve Defendants through . . . other means.").  Now that he is no longer incarcerated, Plaintiff is free to access Waiver of Service of Summons (AO 399) Forms directly from the Court's website, as can any other pro se litigant.  *See* https://www.casd.uscourts.gov/_assets/pdf/forms/Waiver%20of%20Service%20of%20Summons.pdf.  In order to properly request waivers of personal service from each named Defendant identified on the summons, Plaintiff must provide each Defendant, by "first-class mail or other reliable means," a copy of his Complaint, the summons already twice provided to Plaintiff, two (2) copies of the waiver form, and a prepaid means for returning the waiver form for each Defendant.  *See* Fed. R. Civ. P. 4(d)(1).

/ / /

## CONCLUSION

For the foregoing reasons, the Court **DENIES** both Plaintiff's renewed Motion to Proceed *in Forma Pauperis* (ECF No. 29) and his Motion for Waiver of Personal Service on Defendants (ECF No. 30). In light of Plaintiff's pro se status and recent release from prison, however, the Court further finds good cause to **GRANT** Plaintiff an additional <u>ninety (90) days</u> from the date of this Order to properly execute service upon each Defendant pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff may accomplish this by filing with the Clerk of the Court (1) an executed waiver on behalf of each named Defendant, ***or*** (2) proof of personal service of both the Complaint and summons upon each Defendant pursuant to Federal Rule of Civil Procedure 4(*l*) should any Defendant fail to sign and return the waiver Plaintiff requests.[4]

***Should Plaintiff fail to comply with this Order by properly executing service within <u>ninety (90) days</u>, the Court will dismiss this civil action without prejudice based on Plaintiff's failure to timely prosecute pursuant to Federal Rule of Civil Procedure 4(m).***[5]

**IT IS SO ORDERED.**

Dated: September 28, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[4] Should any Defendant fail, without good cause, to sign and return a waiver that Plaintiff can demonstrate was properly requested pursuant to Federal Rule of Civil Procedure 4(d)(1), that Defendant will be responsible for the costs Plaintiff incurs in making personal service, regardless of whether that Defendant ultimately prevails. *See* Fed. R. Civ. P. 4(d)(2); *Est. of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005). Because the Court has already conducted a *sua sponte* screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b), *see* ECF No. 21, and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," all served Defendants are required to respond. *See* 42 U.S.C. § 1997e(g)(2).

[5] Because several extensions of time have already been granted in this case, no further Rule 4(m) extensions will be granted absent a showing of circumstance beyond Plaintiff's control. *See Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that Rule 4(m)'s discretion may be abused if delay is "extraordinary" and "without reasonable explanation," especially where there is no actual notice and great potential prejudice to defendants) (citation omitted).