UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA,<br><br>                        Plaintiff,<br><br>v.<br><br>CUEVAS, 3rd Watch Correctional Officer; BYRNES, 3rd Watch Correctional Officer; KAKO, 3rd Watch Correctional Officer; MEEKS, 2nd Watch Correctional Officer; M. GARCIA, 2nd Watch Correctional Officer; RICO, Correctional Sergeant; MS. T. MARTINEZ, Correctional Lieutenant; and MARCUS POLLARD, Warden,<br><br>                        Defendants. | Case No.: 21-CV-1507 JLS (MSB)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR A COURT ORDER DIRECTING RICHARD J. DONOVAN STATE PRISON TO RETURN ALL LEGAL AND PERSONAL PROPERTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 7(b)(1) AND (2) EXTENDING PLAINTIFF'S TIME TO EFFECT SERVICE**<br><br>(ECF No. 34) |

      Presently before the Court is Plaintiff Ronald Dave Renteria's ("Plaintiff" or "Renteria") Motion for a Court Order Directing Richard J. Donovan State Prison ("RJD") to Return All Legal and Personal Property Under Federal Rule of Civil Procedure 7(b)(1) ("Mot.," ECF No. 34). Having carefully considered Plaintiff's Motion and the law, the Court **DENIES** the Motion for the reasons that follow.

/ / /

# BACKGROUND

On August 25, 2021, while he was incarcerated at RJD in San Diego, California, Plaintiff, proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] *See generally* ECF No. 1 ("Compl."). In Count 1 of his Complaint, Plaintiff claims Defendants Pollard, Cuevas, Byrnes, Kako, Meeks, and Garcia violated his Eighth Amendment rights by failing to employ protective and social distancing measures sufficient to prevent a Covid-19 outbreak within RJD's "C" Facility in December 2020. *See id.* at 3–7. In Count 2, Plaintiff alleges Defendants Cuevas, Garcia, Rico, and Martinez fabricated escape charges against him in February 2021 in order to retaliate against him for filing an administrative grievance related to his having contracted Covid-19. *Id.* at 8–11. Plaintiff seeks declaratory and injunctive relief that, as previously noted by this Court, likely has been mooted by his release, as well $250,000.00 in compensatory and punitive damages against each Defendant. *Id.* at 12.

After the Court denied Plaintiff's initial Motion to Proceed *in Forma Pauperis* ("IFP"), Plaintiff filed a Notice of Appeal but also paid the filing fees required by 28 U.S.C. § 1914(a) while that appeal was pending. *See* ECF Nos. 4, 5, 9. Therefore, the Ninth Circuit dismissed Plaintiff's appeal and remanded the case to this Court for further proceedings. *See* ECF No. 10. Plaintiff then filed two motions seeking stays, which the Court first construed and granted as a request to continue the spreading of the Ninth Circuit's mandate and later denied. *See* ECF Nos. 12, 14, 15, 17. On June 14, 2022, after the mandate was spread, the Court screened Plaintiff's Complaint *sua sponte* as required by 28 U.S.C. § 1915A, found that it alleges cognizable First and Eighth Amendment claims for relief, and directed the Clerk of the Court to issue a summons pursuant to Federal Rule of Civil Procedure 4(b) "so that Plaintiff [could] execute service upon [the Defendants] as

---

[1] Plaintiff was later transferred to the custody of the Sheriff of Los Angeles County in order to appear for a suitability and associated resentencing hearing before the Los Angeles County Superior Court in Case No. KA038347. *See* ECF No. 15 at 2, 6; ECF No. 18. Plaintiff has since been released from the California Department of Corrections and Rehabilitation's ("CDCR") custody and has filed a notice of change of address indicating he now resides in El Monte, California. *See* ECF No. 31.

required by Fed. R. Civ. P. 4(c)" within 90 days as required by Federal Rule of Civil Procedure 4(m).  *See* ECF No. 21 at 9.  Plaintiff was explicitly reminded that he remains "responsible for having the summons and the complaint served within the time allowed by Rule 4(m)."  *Id.* at 10 n.5.  In fact, on June 30, 2022, after Plaintiff filed his first notice of change of address, the Court ordered the Clerk of the Court to reissue the summons, ordered the Clerk of the Court to mail it to Plaintiff a second time, and cautioned Plaintiff that he would face dismissal unless he either: (1) personally served the Defendants and filed proof of that service pursuant to Federal Rule of Civil Procedure 4(*l*), or (2) requested and procured a waiver of personal service as to each Defendant pursuant to Federal Rule of Civil Procedure 4(d) within 90 days.  *See* ECF No. 27 at 2–3.

On July 7, 2022, just before Plaintiff was released from CDCR custody, he filed a "Motion and Declaration under penalty of perjury in support of [his] subsequent motion to proceed in forma pauperis under 28 U.S.C. § 1915," *see* ECF No. 29, together with a "Motion and Declaration requesting a waiver of personal service as to each of the named defendants," *see* ECF No. 30.  In a September 28, 2022 Order, the Court denied both motions.  *See generally* ECF No. 32.  However, the Court also granted Plaintiff an additional 90 days to effect service on each Defendant.  *See id.* at 7.  The summons for Defendant Pollard was returned unexecuted on November 3, 2022, *see* ECF No. 33, and no waiver or proof of personal service has been filed as to any of the other named Defendants, *see generally* Docket.

On November 21, 2022, Plaintiff filed the instant Motion, seeking an order from this Court "directing RJD[] San Diego, California to return his three boxes of legal work product, which consists of related legal documents, legal exhibits and civil law books."  Mot. at 2.  The Court, in its discretion, construes the Motion as one for injunctive relief.

### LEGAL STANDARD

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take

action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). A court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action"; their "officers, agents, servants, employees, and attorneys"; and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2).

Moreover, as a general rule, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). In other words, "unless the preliminary injunction would grant 'relief of the same character as that which may be granted finally[,]' . . . the district court lacks authority to grant the relief requested." *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "An exception to this rule exists where the preliminary injunction relates to an inmate's access to the court, in which case 'a nexus between the preliminary relief and the ultimate relief sought is not required[,]' and the court need not consider the merits of the underlying complaint." *Devine v. Ryan*, No. CV1804286PHXMTLMTM, 2021 WL 148672, at *1 (D. Ariz. Jan. 15, 2021) (citations omitted). To support a claim for active interference with the constitutional right of access to the courts, "a prisoner must allege facts showing that prison officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury." *Id.* (citing *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015)).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Although a plaintiff seeking a preliminary injunction must make a showing on each factor,

the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011).  Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.* at 1135 (internal quotation marks omitted).  However, "[t]he first factor under *Winter* is the most important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

Ultimately, a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as a matter of right."  *Winter*, 555 U.S. at 22, 24.  Moreover, "'[i]n cases such as the one before [this Court] in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite,* courts should be extremely cautious about issuing a preliminary injunction."  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994) (quoting *Martin v. Int'l Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984)).  Such injunctions are "particularly disfavored," and "the district court should deny such relief unless the facts and law clearly favor the moving party."  *Id.* at 1320 (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)) (internal quotation marks omitted).

## ANALYSIS

Here, Plaintiff's request for injunctive relief suffers from several fatal defects.  First, Plaintiff seeks relief from RJD, but RJD is not a named party in this action.  Second, even if Plaintiff's Motion sought relief from the named Defendants, there is no proof that any Defendant has been served, and accordingly no named Defendant is a yet a party to this action.  Accordingly, because the Court lacks personal jurisdiction over RJD and the named Defendants and none of the foregoing presently are parties to this action, it lacks the authority to issue the requested injunctive relief.

Third, even overlooking these procedural defects, Plaintiff's Motion fails on the merits. Because Plaintiff's requested relief lacks a nexus to the merits of his claims, the Court can provide the relief Plaintiff seeks only if it pertains to his access to the courts. However, Plaintiff makes no showing that he requires the requested materials in order to effect service on Defendants. Indeed, it appears Plaintiff has the necessary copies of the summons and operative pleading in this matter to effect service, given that Plaintiff attempted service on Defendant Pollard on November 3, 2022, prior to the filing of this Motion. *See* ECF No. 33. Accordingly, because Plaintiff's Motion fails to evidence that his lack of access to the legal work product in question is actively interfering with his ability to litigate this matter, the Court is unable to grant the relief Plaintiff seeks.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 34). However, given the Court's delay in issuing this ruling, the Court finds good cause to **GRANT** Plaintiff an additional 90 days from the date of this Order to properly execute service upon each Defendant pursuant to Federal Rule of Civil Procedure 4(m).[2] ***Should Plaintiff fail to comply with this Order by properly executing service within 90 days, the Court will dismiss this civil action without prejudice based on Plaintiff's failure to timely prosecute pursuant to Federal Rule of Civil Procedure 4(m).***

IT IS SO ORDERED.

Dated: January 17, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[2] As noted in the Court's September 28, 2022 Order, given that Plaintiff has been granted multiple extensions, the Court is strongly disinclined to grant further extensions of this deadline absent a showing of circumstances beyond his control. *See* ECF No. 32 at 7 n.5 (citation omitted).