UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA,<br><br>                Plaintiff,<br><br>v.<br><br>CUEVAS, 3rd Watch Correctional Officer; BYRNES, 3rd Watch Correctional Officer; KAKO, 3rd Watch Correctional Officer; MEEKS, 2nd Watch Correctional Officer; M. GARCIA, 2nd Watch Correctional Officer; RICO, Correctional Sergeant; MS. T. MARTINEZ, Correctional Lieutenant; and MARCUS POLLARD, Warden,<br><br>                Defendants. | Case No.: 21-CV-1507 JLS (MSB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE** |

       Plaintiff Ronald Dave Renteria ("Plaintiff" or "Renteria") filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2021, while he was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California.[1] *See generally*

---

[1] Plaintiff has since been released from the California Department of Corrections and Rehabilitation's ("CDCR") custody and has filed a notice of change of address indicating he now resides in El Monte, California. *See* ECF No. 31.

ECF No. 1 ("Compl."). On June 14, 2022, following the dismissal of a Ninth Circuit appeal and several motions to stay or continue filed by Plaintiff, the Court screened Plaintiff's Complaint *sua sponte* as required by 28 U.S.C. § 1915A, found that it alleged cognizable First and Eighth Amendment claims for relief, and directed the Clerk of the Court to issue a summons pursuant to Federal Rule of Civil Procedure 4(b) "so that Plaintiff [could] execute service upon [the Defendants] as required by Fed. R. Civ. P. 4(c)" within 90 days as required by Federal Rule of Civil Procedure 4(m). *See* ECF No. 21 at 9. Plaintiff was explicitly reminded that he remained "responsible for having the summons and the complaint served within the time allowed by Rule 4(m)." *Id.* at 10 n.5. In fact, on June 30, 2022, after Plaintiff filed his first notice of change of address, the Court ordered the Clerk of the Court to reissue the summons, ordered the Clerk of the Court to mail it to Plaintiff a second time, and cautioned Plaintiff that he would face dismissal unless he either: (1) personally served the Defendants and filed proof of that service pursuant to Federal Rule of Civil Procedure 4(*l*), or (2) requested and procured a waiver of personal service as to each Defendant pursuant to Federal Rule of Civil Procedure 4(d) within 90 days. *See* ECF No. 27 at 2–3.

On July 7, 2022, just before Plaintiff was released from CDCR custody, he filed a "Motion and Declaration under penalty of perjury in support of [his] subsequent motion to proceed in forma pauperis under 28 U.S.C. § 1915," *see* ECF No. 29, together with a "Motion and Declaration requesting a waiver of personal service as to each of the named defendants," *see* ECF No. 30. In a September 28, 2022 Order, the Court denied both motions. *See generally* ECF No. 32. However, the Court also granted Plaintiff an additional 90 days to effect service on each Defendant. *See id.* at 7. The summons for Defendant Pollard was returned unexecuted on November 3, 2022, *see* ECF No. 33, and no waiver or proof of personal service has been filed as to any of the other named Defendants, *see generally* Docket.

On November 21, 2022, Plaintiff filed a motion seeking an order from this Court directing RJD to return several boxes of his legal work product. *See generally* ECF No.

34. On January 17, 2023, the Court denied the motion but granted Plaintiff an additional 90 days to effect service on each Defendant. *See* ECF No. 35 at 6. The Court explicitly stated: "***Should Plaintiff fail to comply with this Order by properly executing service within 90 days, the Court will dismiss this civil action without prejudice based on Plaintiff's failure to timely prosecute pursuant to Federal Rule of Civil Procedure 4(m).***" *Id.* (emphasis in original). The Court further noted that, as Plaintiff already had received multiple extensions of time, it was strongly disinclined to grant any further extensions. *Id.* at 6 n.2.

Plaintiff's deadline to effect service was April 17, 2023; however, no summons has been returned executed as to any Defendant. *See generally* Docket. Accordingly, this Court **DISMISSES WITHOUT PREJUDICE** this action in light of Plaintiff's failure to effect timely service. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 27, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge